IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY J. CARMAN and
DACHELLE CARMAN,
husband and wife,

    Plaintiffs,

v.                                   Civil Action No. 5:08CV148
                                                    (STAMP)

BAYER CORPORATION,
an Indiana corporation,
BAYER MATERIAL SCIENCE, LLC,
a Delaware corporation,
DAVID JOHNSTON, individually,
JOHN COOL, individually,
TERRY EDDY, individually,
CHARLES "BUDDY" KOTSON,
individually and
JOHN LONG, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**GRANTING DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**
**IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**
**AND DENYING PLAINTIFFS' MOTION TO REMAND**

I. Procedural History

The above-styled civil action is before this Court as a result of a notice of removal filed by defendants Bayer Corporation ("Bayer") and Bayer Material Science, LLC ("Bayer Material"), in which the defendants assert that federal jurisdiction is pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.[1] The plaintiff commenced this civil action in the Circuit Court of Marshall County, West Virginia, alleging claims for negligence, deliberate intent, punitive damages, and loss of consortium. Following removal of the

---

[1] Defendants David Johnston, John Cool, Terry Eddy, Charles "Buddy" Kotson and John Long filed a consent to removal.

action to this Court, the plaintiffs filed a motion to remand to which the defendants responded and the plaintiffs replied. The defendants also filed a motion for leave to file a surreply in opposition to the plaintiffs' motion to remand. For the reasons set forth below, the defendants' motion to file a surreply is granted, and the plaintiffs' motion to remand is denied.

## II. <u>Facts</u>

The plaintiff, Rickey J. Carman ("Mr. Carman") was employed as a technician at a Toluene-2,4 diisocynate ("TDI") tank farm at a chemical plant located in Natrium, West Virginia, owned and operated by Bayer and Bayer Material. TDI is a colorless, yellow, or dark liquid with a sharp, pungent odor. J.E. Amoore & E. Hautala, <u>Odor as an Aid to Chemical Safety: Odor Thresholds Compared with Threshold Limit Values and Volatilities for 213 Industrial Chemicals in Air and Water Dilution</u>, Journal of Applied Toxicology, 3(6):272-290 (1983). Used primarily in the production of polyurethane products, TDI exposure can cause adverse health effects such as severe asthma, nausea, abdominal pain, pulmonary edema, irritability, depression, loss of memory, and personality change. United States Department of Labor, http://www.osha.gov/dts.chemicalsampling/data/CH_272400.html (last visited June 10, 2009). While working at the Natrium location, Mr. Carman was supervised by the individual defendants David Johnston, John Cool, Terry Eddy, Charles "Buddy" Kotson, and John Long ("individual supervisors").

During his employment, Mr. Carman was instructed to load and unload railcars and tank trailers containing TDI. In their complaint, the plaintiffs allege that these railcars and tank trailers were unsafe for the transport of TDI and leaked TDI fumes and vapors into Mr. Carman's workspace. The plaintiffs also allege that the defendants had actual knowledge of these unsafe working conditions, and that as a result of their intentional conduct, Mr. Carman "developed a major depressive disorder with death wishes and suicidal and homicidal idealations, dizziness, severe headaches, memory problems, writing problems, sensory problems, nausea, and memory loss." (Pls.' Mot. to Remand at 2.) Mrs. Carman allegedly suffered a loss of her husband's consortium.

The plaintiffs served Bayer and Bayer Material on September 10, 2008. Thereafter, on September 22, 2008, the defendants removed the case to this Court asserting diversity of jurisdiction pursuant to 28 U.S.C. § 1332. On September 30 and October 2, 2008, more than one week after the filing of the notice of removal in this case, the plaintiffs completed service of process on the individual supervisors.

### III. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C.

3

§ 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

## IV. Discussion

A. Defendants' Motion to File Surreply

A party should not file a surreply without first obtaining the permission of the court. Thomas v. Branch Banking & Trust Co., 443 F. Supp. 2d 806, 809 n.2 (N.D. W. Va. 2006). Generally, a surreply is permitted when a party seeks to respond to new material that an opposing party has introduced for the first time in its reply brief. Schwarzer, Tashima, & Wagstaffe, Federal Civil Procedure Before Trial 12:110 (The Rutter Group 2008). See also Khoury v. Meserve, 268 F. Supp. 2d 600, 605 (D. Md. 2003) ("Surreplies may be permitted when the moving party would be unable to contest matters presented to the court for the first time in the opposing party's reply.").

Because the plaintiffs have presented several arguments in their reply memorandum for the first time, including whether Pullman Co. v. Jenkins, 305 U.S. 534 (1939), is binding on this Court regarding the issue of proper removal, as well as whether a

4

possible stipulation delayed service on several defendants, this Court will consider any issues addressed by the defendants in their surreply in analyzing and reaching its ultimate holding stated below.

B.  Motion to Remand

The parties do not dispute that the requirements of diversity jurisdiction under 28 U.S.C. § 1332(a) are satisfied in this case. The plaintiffs are residents of Ohio. Bayer Corporation, the only member of Bayer Material, is an Indiana corporation with its principal place of business in Pennsylvania, and the individual supervisors are all residents of West Virginia. Also, neither party has argued that the matter in controversy is less than the statutorily-required $75,000.00.

Removal of the case is, however, subject to certain restrictions. Title 28, United States Code, Section 1441(b), commonly referred to as the "forum defendant rule," provides that a non-federal question case "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(emphasis added). The plaintiffs argue that removal is improper in this case because the action is not based on federal question jurisdiction, and the individual supervisors are citizens of the forum state in which the plaintiffs originally filed this action. 28 U.S.C. § 1441(b). The issue before this Court,

therefore, is whether the defendants properly removed the case to a federal court despite the limitations expressed in § 1441(b).

This Court holds that the defendants did properly remove this action to federal court. "We generally evaluate a defendant's right to remove a case to federal court at the time the removal notice is filed." Vera v. Saks & Co., 335 F.3d 109, 116 n.2 (citing Pullman Co. v. Jenkins, 305 U.S. 534, 537 (1939)). At the time the notice of removal was filed, the only defendants that had been joined and served were Bayer and Bayer Material, neither of which is a citizen of West Virginia. None of the individual supervisors, the forum defendants in this case, had been "properly joined and served as defendants" at the time of removal. 28 U.S.C. § 1441(b). The forum defendant rule, therefore, is not applicable in this case.

Removal jurisdiction is not disturbed if a forum defendant is joined and served after the action has been removed to federal court. In Vitatoe v. Mylan Pharmaceuticals, Inc., 2008 WL 3540462, at *5 (N.D. W. Va. Aug. 13, 2008), the court held that "[t]he presence of a forum defendant. . . is not a jurisdictional defect under § 1441(b) and remand is not required if such defendant is not served at the time of removal." In Vitatoe, complete diversity existed between the parties, but when the notice of removal was filed, the forum defendant had not been served with process. Id. at *1. Analyzing the language and purpose of § 1441(b), as well as case law from sister circuits, the court held that "[a]fter careful

consideration, the Court concludes that the weight of authority and better reasoning supports upholding removal." Id. at *4-5. Indeed, "[s]ection 1441(b) clearly requires that a defendant be both 'joined and served' to preclude removal." Id. at *6. See also Spencer v. United States Dist. Court for N. Dist. of California, 393 F.3d 867 (9th Cir. 2004) ("We conclude that the post-removal joinder of . . . a 'forum defendant,' did not oust the district court of subject-matter jurisdiction. The forum defendant rule . . . is only applicable at the time a notice of removal is filed. Because no local defendant was a party to the action at that time, and given the preservation of complete diversity of the parties thereafter, the district court did not err in denying the . . . motion to remand."); Jaeger v. Schering Corp., 2007 WL 3170125 at *2 (D.N.J. Oct. 25, 2007) (collecting cases denying remand when forum defendant not "joined and served" prior to filing notice of removal).

Although it recognizes that this is not binding authority, this Court nevertheless finds such authority persuasive. Thus, because the plain and unambiguous language of § 1441(b) requires that the forum defendant be "joined and served" to preclude removal, and here, the individual supervisors were not served at the time the defendants filed a notice of removal, removal in this case must be upheld. Accordingly, the plaintiffs' motion to remand is denied.

7

V. <u>Conclusion</u>

For the reasons stated above, the defendants' motion for leave to file a surreply is GRANTED, and the plaintiffs' motion to remand is hereby DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED: June 10, 2009

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE