IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY J. CARMAN, et ux.,

        Plaintiffs,

v.                                                     Civil Action: 5:08-CV-148-FPS
                                                     (Senior Judge Stamp)

BAYER CORPORATION, et al.,

        Defendants.

**MEMORANDUM, OPINION, AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL THE DEPOSITION OF PLAINTIFFS' EXPERT, JAMES D. PETRICK, Ph.D.**

On June 30, 2009 came the above named Plaintiffs, by Guy R. Bucci, Esq., and the above named Defendants, by Michael R. Borasky, Esq., and Larry W. Blalock, Esq. for an evidentiary hearing and argument on Defendants' Motion to Compel the Deposition of Plaintiffs' Expert, James D. Petrick, Ph.D. Testimony was not taken, and no other evidence was introduced.

### I. INTRODUCTION

A.    <u>Background</u>

Plaintiffs, Rickey and Dachelle Carman ("the Carmans") brought suit in the Circuit Court of Marshall County, West Virginia for negligence, deliberate intent, punitive damages and loss of consortium. Subsequently that action was removed to this Court.

Defendant Bayer Corporation ("Bayer") owns and controls Defendant Bayer MaterialScience LLC, ("BMS"). Specifically, Mr. Carman alleges that, while he was employed by BMS as a "B" technician at Bayer's Toluene-2, 4 diisocynate ("TDI") tank farm located at Natrium, Marshall County, West Virginia ("Natrium"), he was directed to load and unload railcars and tank trailers containing TDI. Mr. Carman alleges that as a result of this exposure to

TDI, he has a major depressive disorder with death wishes and suicidal and homicidal idealations, dizziness, severe headaches, memory problems, writing problems, sensory problems, nausea, and memory loss.

The parties engaged in discovery and a dispute arose.

B.     The Motion

Defendants' Motion to Compel Deposition of Plaintiffs' Expert, James D. Petrick, Ph.D.[1]

C.     Decision

Defendants' Motion to Compel is **GRANTED** as hereinafter set forth.

## II. FACTS

1. On November 4, 2008, Judge Stamp entered the Initial Scheduling Order.[2]

2. Plaintiffs' expert disclosure deadline is, and at all times relevant hereto has been July 6, 2009.

3. Defendants' expert disclosure deadline is, and at all times relevant hereto has been July 27, 2009.

4. Plaintiffs filed their Initial Disclosures on November 17, 2008.[3]

5. Plaintiffs Initial Disclosures listed the report of James D. Petrick, Ph.D.

6. Plaintiffs' responses to Defendants' First Set of Interrogatories identified Dr. Petrick as their only medical expert witness and produced a copy of his report.

## III. DEFENDANTS' MOTION TO COMPEL

---

[1] Doc. No. 50

[2] Doc. No. 24

[3] Doc. No. 27

2

A.  Contentions of the Parties

Defendants contend that Dr. Petrick's diagnosis and related opinions have no reliable or relevant scientific basis. They have requested that counsel for the Carmens agree to schedule his deposition so that they could obtain further information about the basis for his opinions. Defendants aver that Plaintiffs are attempting to shield a key expert. Defendants allege that Dr. Petrick's opinions on medical causation are at the heart of Plaintiffs' claims in this case and that the Carmans have the burden of proof on those issues of medical causation. Defendants contend that the Carmans are relying upon Dr. Petrick to support Mr. Carman's injury claims. Defendants believe they are entitled to know the specific bases for Dr. Petrick's opinions before being expected to defend against those claims. Defendants further question Dr. Petrick's qualifications to render such an expert opinion. Defendants aver that not only does Plaintiffs' effort to delay Dr. Petrick's deposition contravene the discovery rules, but it is also patently unfair and prejudicial to Defendants.

Plaintiffs urge this Court to utilize the discretion authorized by Fed. R. Civ. P. 16 or else "Bayer would turn discovery into chaos." Def's. Brief, p. 5. Plaintiffs contend that expert witnesses are to be deposed only after fact witnesses and that expert witnesses shall not be deposed until after both sides' expert disclosures have been filed.

B.  Applicable Law

Fed. R. Civ. P. 26(b)(4)(A) states that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may only be conducted after the report is provided."

Fed. R. Civ. P. 26(d)(2)(A) and (B) provide that "methods of discovery may be used in

any sequence, and discovery by one party does not require any other party to delay its discovery."

C.  Discussion

Under the federal rules "there is no rule of discovery priority." Convermat Corporation v. St. Paul Fire and Marine Insurance, 2007 WL 2743679 (E.D.N.Y.) (citing Exovir, Inc., v. Dr. Mandel, No. 94-CV-3546, 1996 WL 101269, at *1 (S.D.N.Y., Mar. 7, 1996)).  While interrogatory and document discovery are often completed prior to depositions, "this is certainly not a hard and fast rule, and the sequence of discovery is at the discretion of the trial judge." Convermat (citing Hogan v. DC Comics, No. 96-CV-1749, 1997 WL 570871, at *6 (N.D.N.Y. Sept. 9, 1997)).

Plaintiffs contend that allowing the deposition of Dr. Petrick at this juncture would complicate discovery.  Plaintiffs further contend that Defendants will be deposing Dr. Petrick having the benefit of already completing a Rule 35 exam of Rickey Carman, but without producing any of the required reports to Plaintiff.  The law simply does not support Plaintiffs' contention that a hard and fast rule exists regarding the proper order in which discovery is to take place.  There is no doubt in this case that the deposition of Dr. Petrick by Defendants can and should take place.  The issue is simply one of timing.  The rules and the case law provide no sequence for discovery.  Any party may choose any sequence it chooses in the absence of a specific prohibition.

D.  Decision

Defendants' Motion to Compel is **GRANTED**.  Because some scheduling deadlines are imminent, the parties shall have until Friday, July 10, 2009 to agree on a time and place for

Defendants to conduct the deposition of Dr. Petrick. If the parties are unable to come to a mutual agreement by this date, the deposition of Dr. Petrick shall take place on Saturday, July 18, 2009 at 9:00am in the Wheeling Magistrate Judge Courtroom, Room 433, Fourth Floor, United States Courthouse, Twelfth and Chapline Streets, Wheeling, West Virginia, 26003.

Filing of objections does not stay this Order. Any party may, within ten (10) days after being served with a copy of this Order, file with the Clerk of the Court written objections identifying the portions of the Order to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to District Court Judge of Record. Failure to timely file objections to the Order set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Order.

The Clerk of the Court is directed to transmit a copy of this Order to parties who appear *pro se* and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: July 1, 2009

>*/s/ James E. Seibert*  
> JAMES E. SEIBERT  
> UNITED STATES MAGISTRATE JUDGE