IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY J. CARMAN and
DACHELLE CARMAN,
husband and wife,

     Plaintiffs,

v.                               Civil Action No. 5:08CV148
                                       (STAMP)

BAYER CORPORATION,
an Indiana corporation,
BAYER MATERIAL SCIENCE, LLC,
a Delaware corporation,
DAVID JOHNSTON, individually,
JOHN COOL, individually,
TERRY EDDY, individually,
CHARLES "BUDDY" KOTSON,
individually and
JOHN LONG, individually,

     Defendants.


**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION TO PERMIT
INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

I.  Background

On June 10, 2009, this Court entered a memorandum opinion and order granting defendants' motion for leave to file surreply in opposition to plaintiffs' motion to remand and denying plaintiffs' motion to remand. Thereafter, the plaintiffs filed a motion for certification pursuant to 28 U.S.C. § 1292(b) for interlocutory appeal of this Court's order denying the plaintiffs' motion to remand.[1] The defendants filed a response in opposition to which

---

[1] The plaintiffs do not request that this Court certify the portion of the memorandum opinion and order granting the defendants' motion for leave to file a surreply in opposition to plaintiffs' motion to remand.

the plaintiffs replied. For the reasons set forth below, this Court finds that the motion for interlocutory appeal should be denied.

## II. Applicable Law

Title 28, United States Code, Section 1292(b) permits a district court to certify an order not otherwise appealable and grant an interlocutory appeal if the Court believes that the order involves "a controlling question of law as to which there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The interlocutory appeal mechanism was not intended to be used in ordinary suits and was not designed "to provide early review of difficult rulings in hard cases." North Carolina v. W.R. Peele, Sr. Trust, 889 F. Supp. 849, 852 (E.D.N.C. 1995) (citing Abortion Rights Mobilization, Inc. v. Regan, 552 F. Supp. 364, 366 (S.D.N.Y. 1982)). Rather, an appeal under § 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." Regan, 552 F. Supp. at 366.

The procedural requirements of § 1292(b) are to be strictly construed and applied, Myles v. Laffitte, 881 F.2d 125, 127 (4th Cir. 1989), and the decision of whether to certify a question for interlocutory appeal is within the discretion of the court issuing the order. Riley v. Dow Corning, Corp., 876 F. Supp. 728, 731 (M.D.N.C. 1992), aff'd, 986 F.2d 1414 (4th Cir. 1993). To

determine whether an order should be certified for interlocutory appeal, courts generally apply the two-part test established by the language of § 1292(b).  First, courts must determine whether there is a "controlling question of law as to which there is a substantial ground for difference of opinion."  <u>Peele</u>, 889 F. Supp. at 852.  Second, courts must inquire as to whether an interlocutory appeal would "materially advance the ultimate termination of the litigation."  <u>Id.</u>

### III.  <u>Discussion</u>

This Court agrees with the defendants that the elements for certifying this Court's memorandum opinion and order for an interlocutory appeal have not been met.  First, this Court finds that the plaintiffs have not adequately shown that their request for an appeal involves a controlling issue of law.  Rather, this Court finds that the issue in this civil action involves a straightforward application of 28 U.S.C. § 1441(b).  As this Court noted in its June 10, 2009 memorandum opinion and order, the plain and unambiguous language of § 1441(b) requires that the forum defendant be "joined and served" to preclude removal.  In that the forum defendants in this case were not "joined and served" at the time of removal, removal must be upheld.  Moreover, it is not clear that an interlocutory appeal in this matter would advance, rather than impede, the ultimate termination of this litigation.  Accordingly, because this Court should only certify interlocutory appeals in exceptional circumstances and because the factors for

interlocutory appeal have not been adequately established, the motion for interlocutory appeal is denied.

## IV.  Conclusion

For the reasons set forth above, the plaintiffs' request for certification pursuant to 28 U.S.C. § 1292(b) is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    August 4, 2009


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE