IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICKEY J. CARMAN and
DACHELLE CARMAN,
husband and wife,

    Plaintiffs,

v.                                              Civil Action No. 5:08CV148
                                                      (STAMP)

BAYER CORPORATION,
an Indiana corporation,
BAYER MATERIALSCIENCE, LLC,
a Delaware corporation,
DAVID JOHNSTON, individually,
JOHN COOL, individually,
TERRY EDDY, individually,
CHARLES "BUDDY" KOTSON,
individually and
JOHN LONG, individually,

    Defendants.

**MEMORANDUM OPINION AND ORDER
DENYING PLAINTIFFS' MOTION FOR ABSTENTION OR,
IN THE ALTERNATIVE, FOR ENTRY OF A MODIFIED STAY
AND AN AMENDED SCHEDULING ORDER**

I.   Background

The plaintiffs commenced this civil action ("Carman I") in the Circuit Court of Marshall County, West Virginia, alleging claims for negligence, deliberate intent, punitive damages, and loss of consortium, as a result of Mr. Carman's exposure to a dangerous chemical while working at a plant owned and operated by defendants Bayer Corporation ("Bayer") and Bayer MaterialScience, LLC ("Bayer Material"). The action was then removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Following removal, the plaintiffs filed a motion to remand contending that removal was improper because of the "forum defendant rule." See 28 U.S.C.

§ 1441(b). Finding that the forum defendants were not served at the time the notice of removal was filed, this Court held that the "forum defendant rule" was inapplicable, and that removal must be upheld. The plaintiffs' motion to remand, therefore, was denied.

Before this Court ruled on the motion to remand in this case, however, the plaintiffs brought an identical action involving the same parties and issues ("Carman II") in the Circuit Court of Marshall County, West Virginia, which was again removed to this Court. See Civil Action No. 5:08-cv-178. The plaintiffs filed a motion to remand. This Court granted the motion to remand, holding that the "forum defendant rule" precluded removal because the forum defendants had been joined and served at the time the notice of removal was filed.

Accordingly, Carman I remains in the jurisdiction of this Court, while Carman II proceeds before the Honorable Mark A. Karl in the state court. Also before the state court are two actions that allegedly involve common factual and legal questions to both Carman I and Carman II. See Schmidt v. Bayer Corp., et al., Civil Action No. 08-C-121K, and Schane v. Bayer Corp, et al., Civil Action No. 08-C-228M. The plaintiffs have now filed a motion for abstention or, in the alternative, for entry of a modified stay and an amended scheduling order, contending that this Court should abstain from exercising its jurisdiction and instead, dismiss the action or stay the proceedings until the state court actions are tried. The defendants filed a response in opposition, to which the

2

plaintiffs replied. For the reasons set forth below, this Court denies the plaintiffs' motion for abstention or, in the alternative, for entry of a modified stay and an amended scheduling order.

## II. Discussion

The plaintiffs argue that this Court should either dismiss this action or stay the proceedings under Colorado River abstention doctrine, which permits federal courts to stay or dismiss a case over which the court has subject matter jurisdiction due to the existence of a concurrent state court proceeding, based upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" Colorado River Conservation Dist. v. United States, 424 U.S. 800, 817 (1976).

The United States Court of Appeals for the Fourth Circuit has summarized the approach for applying the Colorado River doctrine:

> The threshold question in deciding whether Colorado River abstention is appropriate is whether there are parallel federal and state suits. If parallel suits exist, then a district court must carefully balance several factors, with the balance heavily weighted in favor of the exercise of jurisdiction. Although the prescribed analysis is not a hard-and-fast one in which application of a checklist dictates the outcome, six factors have been identified to guide the analysis: (1) whether the subject matter of the litigation involves property where the first court may assume in rem jurisdiction to the exclusion of others; (2) whether the federal forum is an inconvenient one; (3) the desirability of avoiding piecemeal litigation; (4) the relevant order in which the courts obtained jurisdiction and the progress achieved in each action; (5) whether state law or federal law provides the rule of decision on the merits; and (6) the adequacy of the state proceeding to protect the parties'

> rights. In the end, however, abstention should be the exception, not the rule, and it may be considered only when the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties.

Chase Brexton Health Services, Inc. v. Maryland, 411 F.3d 457, 463-64 (4th Cir. 2005) (internal quotations and citations omitted).

A. <u>Parallel Proceedings</u>

Following the Fourth Circuit's analysis in Chase Brexton, this Court must first determine whether the state and federal actions are sufficiently similar to constitute parallel proceedings before weighing the Colorado River factors to decide whether to dismiss or stay the case. "Suits are parallel if substantially the same parties litigate substantially the same issues in different forums." New Beckley Mining Corp. v. International Union, United Mine Workers of America, 946 F.2d 1072, 1073 (4th Cir. 1991). However, "suits need not be identical to be parallel, . . . and the mere presence of additional parties or issues in one of the cases will not necessarily preclude a finding that they are parallel." AAR Int'l, Inc. v. Nimelias Enter. S.A., 250 F.3d 510, 518 (7th Cir. 2001) (internal citations omitted). "The question is not whether the suits are formally symmetrical, but whether there is a substantial likelihood that the [state litigation] will dispose of all claims presented in the federal case." Id.

This Court finds that Carman I, proceeding before this Court, and Carman II, proceeding before the state court, involve the same issues and identical parties. Nevertheless, "without the existence

4

of parallel proceedings at the time this action was filed, the first prerequisite for application of the doctrine is lacking." GHI Asset Lender, LLC v. Woodland Manor Improvement Ass'n, 2010 WL 308290, at *4 (D.R.I. Jan. 26, 2010). See e.g. Scottsdale Ins. Co v. Detco Indus, Inc., 426 F.3d 996, 996 (8th Cir. 2005) ("A threshold issue in this case is whether parallel proceedings were pending in the state court at the time [the plaintiff] brought its declaratory judgment action."); Albany Ins. Co. v. Jones, 1996 WL 938330, at *2 (D. Alaska June 13, 1996) (denying motion to dismiss or stay where there was no parallel action in state court "[w]hen this action was filed."); Bettencourt v. Bd. of Registration in Medicine of Comm. of Mass., 904 F.2d 772, 777 (1st Cir. 1990) ("In determining whether federal proceedings would interfere with ongoing state proceedings, the proper point of reference is the date plaintiff filed his federal complaint.").

Here, it is undisputed that the action currently before this Court was filed on or about September 2, 2008, and later removed to this Court on September 22, 2008. Carman II, the alleged parallel proceeding, however, was not filed in state court until November 13, 2008, and not removed until December 2, 2008. Thus, when this action was filed, there existed no related or parallel action in state court. This Court must find, therefore, that the federal and pending state actions do not constitute parallel proceedings. Failing to satisfy this preliminary requisite, dismissal or a stay

of the federal action under the Colorado River doctrine is inappropriate.[1]

B. Application of *Colorado River* Factors

Even assuming that the federal and state actions constitute parallel proceedings, this Court nevertheless holds that the balance of factors counsels against abstention at this time. A decision declining to exercise jurisdiction over a federal action because of parallel litigation in state court "does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction." Gannett Co., Inc. v. Clark Constr. Group, Inc., 286 F.3d 737, 744 (4th Cir. 2002) (quoting Moses H. Cone v. Mercury Constr. Corp., 460 U.S. 1, 16 (1983)).

1. Assumption of Jurisdiction Over the Property and Convenience of the Federal Forum

The defendants contend, and the plaintiffs do not dispute otherwise, that the first and second factors do not weigh in favor of abstention because the state court did not assume jurisdiction over any res or property and the federal forum is no less convenient to the parties.

---

[1] As stated above, the plaintiffs also argue that both the Schmidt and Schane actions are sufficiently similar to Carman I to constitute parallel proceedings. On the record before it, however, this Court is unable to conclude that the state court proceedings involve the same or similar issues as the federal court claims.

2. <u>Avoidance of Piecemeal Litigation</u>

The third factor to consider is whether federal jurisdiction creates the danger of piecemeal litigation. "Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." <u>Gannett Co., Inc.</u>, 286 F.3d 737 at 744. However, the potential for conflicting outcomes, without more, is insufficient to warrant staying the exercise of federal jurisdiction. <u>Chase Brexton</u>, 411 F.3d at 457 (quoting <u>Colorado River</u>, 424 U.S. at 816). Rather, the exercise of jurisdiction "must create the possibility of inefficiencies and inconsistent results beyond those inherent in parallel litigation, or the litigation must be particularly ill-suited for resolution in duplicate forums." <u>Gannett</u>, 286 F.3d at 744. The critical inquiry in avoiding piecemeal litigation is not whether there is formal symmetry between the two actions, but whether there is "a substantial likelihood that the state litigation will dispose of all claims presented in the federal case." <u>American Reliable Ins. Co. v. Stillwell</u>, 212 F. Supp. 2d 621, 630 (N.D. W. Va. 2002).

In this case, the state litigation has not disposed of the claims presented in this Court. Thus, there is little to be gained in judicial economy by abstaining from exercising jurisdiction.

3. <u>Relevant Order of the Exercise of Jurisdiction</u>

The fourth factor to be considered under <u>Colorado River</u> is the order in which courts obtained jurisdiction and the progress

7

achieved in each action. Relevant to this inquiry is not only the order in which the complaints were filed, but also how much progress has been made in the two actions. See Moses H. Cone Mem'l. Hosp., 460 U.S. at 22. Further, as the United States District Court for the Southern District of West Virginia has observed, at least two policy considerations appear to underlie this fourth factor in the Colorado River analysis:

> First, the more that a state court lawsuit has progressed, the greater the state's own investment and involvement in the proceeding. As a matter of comity, the more the state has invested its time and resources into the proceedings, the less appropriate it is for a federal court to intervene and disrupt those proceedings. See Gannett, 286 F.3d at 748 (noting that abstention is based in part on principles of comity). Second, the longer that the party who now seeks federal court intervention has actively participated in the state court proceedings, the more that party has forfeited any right to a federal forum. See Vulcan [Chemical Technologies, Inc. v. Barker, 297 F.3d 332, 343 (4th Cir. 2002)] (finding abstention appropriate in part because the case "was gladly litigated by both parties in California," and that only after Vulcan had received a negative outcome did it seek to "bypass the procedure that [it] had elected to follow" by filing suit in federal court).

Eastern Associated Coal Corp. v. Skaggs, 272 F. Supp. 2d 595, 601 (S.D. W. Va. 2003).

Here, discovery in this action is scheduled to be completed on June 22, 2010, and the case is currently proceeding to trial on September 28, 2010. In contrast, at a status and scheduling conference held on April 30, 2010, the parties informed this Court that no scheduling order had yet been entered by the state court in Carman II as of that date, and that Schmidt and Schane are proceeding on different tracks than the one advanced in this case.

8

In light of this time line, this Court finds that the fourth factor counsels in favor of retaining jurisdiction.

4. Source of Applicable Law and Adequacy of State Court Proceedings

These fifth and sixth factors require this Court to consider whether state law provides the rule of decision on the merits and the adequacy of state court proceedings. "[T]he Supreme Court has made clear that the presence of state law and the adequacy of state proceedings can be used only in 'rare circumstances' to justify Colorado River abstention." Gannett Co., Inc., 286 F.3d at 746 (quoting Moses H. Cone, 460 U.S. at 26). Indeed, "[t]hat state law is implicated . . . does not weigh in favor of abstention, particularly since both parties may find an adequate remedy in either state or federal court." Id. at 747 (internal quotations omitted). The Fourth Circuit has recognized that in diversity cases, "federal courts regularly grapple with questions of state law, and abstention on the basis of the presence of state law, without more, would undermine diversity jurisdiction." Id.

Here, nothing on the record suggests that the federal forum is inadequate to protect the rights of the plaintiffs, or that the state forum is more adequate to protect such rights. Accordingly, the mere presence of state law does not weigh in favor of declining to exercise jurisdiction.

Considered together, the Colorado River factors do not indicate the presence of exceptional circumstances which warrant

9

withholding the exercise of jurisdiction at this time. Therefore, this Court believes that even if parallel proceedings did exist, a dismissal or a stay of this action pending the outcome of the state court action is not the appropriate course.

### III. Conclusion

For the reasons set forth above, the plaintiffs' motion for abstention or, in the alternative, for entry of a modified stay and an amended scheduling order is hereby DENIED.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:    May 14, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE